E9QZCHAF

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,                    New York, N.Y.

 4               v.                               13 CR 290 (PAC)

 5   CHRISTINA CHAI and HI JONG
     LEE,
 6
                     Defendants.
 7
     ------------------------------x
 8

 9                                               September 26, 2014
                                                 9:43 a.m.
10
     Before:
11
                         HON. PAUL A. CROTTY,
12
                                                 District Judge
13

14                            APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  ELISHA KOBRE
17        DANIEL TEHRANI
          Assistant United States Attorneys
18
     BRAFMAN & ASSOCIATES, P.C.
19        Attorneys for Defendant Chai
     BY:  MARC A. AGNIFILO
20        JACOB KAPLAN

21   SERCARZ & RIOPELLE
          Attorneys for Defendant Lee
22   BY:  ROLAND G. RIOPELLE
          GIULIANA GRAHAM
23
     Also Present:  Robert Polimeno, DEA
24                  Nicholas Evert, Paralegal
                    ARIEN GREENE-PINTO, Korean Interpreter
25                  KYCONG SILK SONG, Korean Interpreter

E9QZCHAF

1          (In open court; jury not present)

2          THE COURT:  Let's go on the record.

3          We had several phone calls this morning from juror

4     number five, Mr. Pascetta.  His mother-in-law is in emergency

5     and dire situation with cancer, and she's been hospitalized.

6     His father-in-law has Parkinson's disease and is not capable of

7     caring for himself in his wife's absence.

8          This situation with Mr. Pascetta is -- which exists as

9     of last night and will continue for some period of time, he's

10    not sure that his mother-in-law is going to make it through her

11    hospital stay, and then there will be funeral arrangements.

12         So Mr. Pascetta is, I think, subject to what you tell

13    me, I think I have to excuse him.

14         I would then propose to proceed, unless you consent

15    under Rule 23, to proceed with a jury of 11 because I think

16    there's good cause.

17         Now, that's what my proposal is.  I want to hear from

18    the government and from defense counsel.

19         MR. TEHRANI:  Your Honor, without having done a lot of

20    research on this, the good cause framework I would think would

21    take into account the availability of alternate jurors.  So I

22    don't know how that plays in, and whether it's always improper

23    to proceed with 11 jurors if there is an alternate available.

24    But, you know, I think what the government --

25         THE COURT:  I'm relying on 23(b)(3), which provides,

E9QZCHAF

"After the jury has retired to deliberate" -- which it has --

the Court may permit a jury of 11 persons to return a verdict

even without a stipulation by the parties," because you can't

stipulate to a jury of less than 12, not 11, maybe even ten or

eight, but some number that's agreeable to all sides.   "Court

may permit a jury of 11 persons to return a verdict even

without a stipulation by the parties if the Court finds good

cause to excuse a juror."

          I believe there's good cause to excuse the juror.

          MR. KOBRE:  I think that's right, your Honor.  You

know, I think what the government would propose, however, is

that the jury proceed with -- I guess there is a couple

options; one is with an alternate today, and if it doesn't --

if there is no verdict today, then with a new alternate on

Monday; or we proceed with two alternates on Monday and,

unfortunately, lose today for deliberations.

          Given that we've impaneled these alternates who are

available to deliberate in this case, you know, I don't think

defense counsel is going to agree that it's appropriate to

proceed with 11 jurors.

          The government would, therefore, propose that we

continue again either today with an alternate and then another

alternate on Monday, or just on Monday with two new alternates.

          THE COURT:  Who wants to go for defense first.  Mr.

Agnifilo.

E9QZCHAF

1            MR. AGNIFILO:  Yes, Judge.  It is our strong

2     preference to have a jury of 12.  I mean, that's obviously the

3     norm, and is only not the norm for what I consider dramatic

4     circumstances.

5            We do have the alternates.  The alternates sat through

6     the two weeks of trial.  We picked the alternates for, among

7     other reasons, this potential reason.

8            But I have a couple of questions and I'm somewhat

9     handicapped because there's certain information that I don't

10    have, but I'm gathering your Honor might know the answer to

11    this.

12           If juror -- it wasn't clear to me that juror number

13    five was saying that he can't be here.  I thought today -- the

14    only problem could be today.  If the only problem for juror

15    number five was today, my proposal would be we do not -- and I

16    want a resolution as efficiently as anybody else.  But there

17    are --

18           THE COURT:  Well, let me interrupt you right now.

19           MR. AGNIFILO:  Yes, Judge.  Yes, Judge.

20           THE COURT:  Juror number five is not available today.

21           MR. AGNIFILO:  Right.

22           THE COURT:  And we asked him that question, is he

23    going to be available next week, and his answer was no, he was

24    not going to be available next week.

25           MR. AGNIFILO:  I see.  Okay.  All right.

E9QZCHAF

1              THE COURT:  So I mean that's what he said.

2              MR. AGNIFILO:  Yes, all right.

3              MR. RIOPELLE:  So we're losing five.

4              MR. AGNIFILO:  Okay, all right.  It's good now that

5     I'm clear on that.

6              THE COURT:  I'm sorry if I wasn't clear before.

7              MR. AGNIFILO:  No, no.  I think I was assuming

8     something that -- there's reasons people shouldn't assume and I

9     assumed.

10             I think it's my -- so my preference is to use the

11    alternates.

12             Now, the thing that I would want to talk to Mr.

13    Riopelle and my client a little bit more about is, if we

14    stagger the introduction of the alternates or whether we just

15    have them both come on Monday.  And having them both come on

16    Monday could be less disruptive.

17             MR. RIOPELLE:  You have to -- I would suggest you have

18    to do it that way, your Honor, given the circumstances of the

19    case.  Because the law requires -- and I too am in favor of

20    seating the alternates, and we're going to lose number four on

21    Monday.  I would suggest the most efficient procedure now,

22    given that number five will not be available for the remaining

23    period of the trial, is to adjourn for the day, seat the two

24    alternates on Monday.

25             THE COURT:  What if the two alternates are not

E9QZCHAF

1    available?

2            MR. RIOPELLE:  Well, then we'll have to revisit the

3    issue, and we're either going to have to stipulate to a jury of

4    ten or declare a mistrial.  Or if there is one alternate

5    available, you'll force us to go ahead with 11.

6            THE COURT:  Declaration of a mistrial is not something

7    I want to do.

8            MR. RIOPELLE:  I understand.

9            THE COURT:  Because it leaves us with a very serious

10   question of double jeopardy; was it really for good cause?

11           MR. RIOPELLE:  Well, I don't -- I think that running

12   out of the jurors is a manifest necessity for a mistrial.  I

13   obviously will make my double jeopardy motion, but I don't

14   think I'm going to have a lot of traction there when we get

15   there.  That -- I've been through that a couple of times too,

16   Judge, so I know how that comes out.

17           It is my strong preference to seat alternates if we

18   lose jurors.  I think the law requires that the jury start over

19   from scratch when alternates seated and for that -- and you

20   have to remove the notes from the jury room and make them start

21   over.  Since that is what the law requires, I would suggest to

22   the Court that it is most efficient to do the whole thing on

23   Monday with two, if both are available.  We can find that out

24   today whether both are available.  And, you know, because if

25   you seat one today and we don't get a verdict today, then we're

E9QZCHAF

1    going to be in a situation where we have to start over again on

2    Monday, and I think that would be too disruptive.

3            THE COURT:  What would you say to excusing juror

4    number five?  I don't think there is any doubt that he has to

5    be excused.

6            MR. RIOPELLE:  There is good cause to excuse him, your

7    Honor.  I agree.

8            THE COURT:  You agree with that, Mr. Agnifilo?

9            MR. AGNIFILO:  I do agree based on the record.

10           MR. RIOPELLE:  If he can't be available --

11           THE COURT:  Proceeding with 11 and hoping to get a

12   verdict today?

13           MR. RIOPELLE:  I object to that.

14           MR. AGNIFILO:  I object to it too, your Honor.  I

15   think a jury of 12 is --

16           MR. RIOPELLE:  Preferable.

17           MR. AGNIFILO:  -- important, and we have --

18           THE COURT:  It's preferable, but it's not mandatory,

19   right?

20           MR. RIOPELLE:  I believe in this case with available

21   alternates, it is mandatory.  But that's --

22           THE COURT:  I think there are alternatives.

23           MR. AGNIFILO:  Just one other thing that -- I agree

24   with everything that my co-counsel put on the record.

25           The other issue -- I think having them both come on

E9QZCHAF

1   Monday is good for the purposes of smoothness in the transition

2   of the deliberations.

3           I also think it's a lot to ask of a juror who has no

4   idea that we would be calling them today to summon them down

5   today, that that --

6           THE COURT:  I'm not thinking of that.

7           MR. AGNIFILO:  I see.  Okay.

8           THE COURT:  I don't know what -- I don't even know if

9   they're in town.

10          MR. AGNIFILO:  Right.

11          MR. RIOPELLE:  Right.  He's going with 11.

12          THE COURT:  Mr. Tehrani?

13          MR. TEHRANI:  Your Honor, yeah.  So I think it is

14  certainly within your discretion to have them, to have them

15  deliberate today with 11.

16          If there are two alternate jurors who are still

17  available to begin deliberations on Monday, the government

18  would propose that that be --

19          THE COURT:  So all of you agree?

20          MR. RIOPELLE:  That's correct, all of us prefer a jury

21  of 12.

22          THE COURT:  All right.

23          MR. TEHRANI:  And --

24          THE COURT:  A jury of 12 by calling the two alternate

25  jurors --

E9QZCHAF

| 1 | MR. RIOPELLE:  Correct. |

1        MR. RIOPELLE:  Correct.

2        THE COURT:  -- and summoning them on --

3        MR. RIOPELLE:  On Monday.

4        THE COURT:  -- Monday.

5        MR. RIOPELLE:  Yes, Judge.

6        MR. TEHRANI:  However, your, Honor if one or both of

7    them are not available to --

8        THE COURT:  Well, what we have to find out next,

9    Mr. Tehrani.  So I haven't done that.

10        MR. RIOPELLE:  Right.

11        THE COURT:  So what do you propose we tell the jurors

12    now, sitting in the room?

13        MR. RIOPELLE:  Well, it depends on what -- it sounds

14    like your Honor wants to go with 11 today over the objection of

15    all parties.

16        THE COURT:  No, I don't.  I want to call -- while

17    we're handling these administrative tasks.

18        Mr. Tehrani says if the jurors are not available

19    because they're not available -- you know, you proposed a

20    remedy that it's not possible.

21        MR. RIOPELLE:  Correct.  Yes, your Honor.

22        THE COURT:  We got to verify they're still available

23    to serve.

24        MR. RIOPELLE:  Understood.

25        THE COURT:  Do you have the contact information,

E9QZCHAF

1    Marlon?

2              THE DEPUTY CLERK:  Yes, your Honor.

3              THE COURT:  While we're doing this -- and I assume

4    they're not hanging around waiting for us to phone them, you

5    know, what do we tell the jury about their deliberations?

6              MR. RIOPELLE:  I would propose that you tell the jury

7    not to deliberate yet; that it appears that number five will

8    not be available, and we'll be back to them very shortly as to

9    how we intend to proceed.

10             Because that way -- you know, I think we'll know in 15

11   minutes whether there is an alternate available today, and what

12   we're going to do over the next couple of days.  So we just

13   have --

14             THE COURT:  Even if an alternate were available today,

15   in light of juror number four, I would not impanel the jurors

16   until Monday.

17             MR. TEHRANI:  Right, your Honor.  But if there is not

18   enough alternate jurors to seat 12 on Monday, then it would be

19   appropriate, the Government's --

20             MR. RIOPELLE:  Go with 11.

21             MR. TEHRANI:  For them to deliberate today with just

22   11.

23             THE COURT:  Yes.

24             MR. TEHRANI:  So I agree that perhaps if the jury

25   needs to be told anything right now, they could be told that

E9QZCHAF

1    there is an issue, not to deliberate, and we're --

2              MR. RIOPELLE:  Number five had a medical emergency,

3    he's going to be excused, and we're determining how to proceed;

4    please don't deliberate for the next 15 minutes or so while we

5    determine how to proceed today.

6              THE COURT:  Do you have the numbers for Ms. Schnuer

7    and Mr. Peralta?

8              THE DEPUTY CLERK:  Yes, your Honor.

9              THE COURT:  Would you ask the CSO to bring in the

10   jurors?

11             MR. RIOPELLE:  Thank you, Judge.

12             THE COURT:  Mr. Ovalles raises a question about juror

13   number, alternate juror number two is Ms. Schnuer, alternate

14   number three is Ms. Peralta, alternate number four is

15   Ms. Gibbons.  We've not heard from Ms. Schnuer or Miss Peralta.

16   Ms. Gibbons did call and ask if there was a verdict.

17             Now, what would happen, what would you recommend if

18   Ms. Schnuer doesn't answer the phone or is not available?

19             MR. RIOPELLE:  She's the next in line?

20             THE COURT:  She's alternate number two.  She's one

21   now, yeah.  She was alternate number two.

22             MR. RIOPELLE:  She's next in line.

23             THE COURT:  Yeah, correct.

24             MR. RIOPELLE:  I think we give her five minutes, call

25   her back, and if she's not available, you move on.

E9QZCHAF

1          MR. AGNIFILO:  Could we do it -- just because we're

2     making decisions about fundamental matters, can we just have

3     five minutes just so we can speak to our clients just so we can

4     say that we've done that?  I think that would be helpful.

5          THE COURT:  All right.

6          MR. AGNIFILO:  Thank you, Judge.

7          (Pause)

8          MR. AGNIFILO:  Your Honor, we're ready whenever the

9     Court's ready.

10          THE COURT:  We're checking with the alternates.

11          MR. AGNIFILO:  Right.

12          So what we discussed, and I think what we're in

13     agreement on, is of the three alternates, whichever two respond

14     that they're available; if two respond that they're available,

15     it doesn't have to be number one.  In other words, if we don't

16     get in touch with number one, but we get in touch with two and

17     three are and they're available, we don't have to --

18          MR. RIOPELLE:  Keep number one in reserve for the next

19     problem.

20          THE COURT:  Okay.

21          Another matter that perhaps I should ask the jury

22     about would be, because we know about Ms. Kelly, is whether

23     other jurors as it exists right now are available next week.

24     We told them this is going to be a three week trial.  Next week

25     makes it four weeks.  They can't stay forever.

E9QZCHAF

1      MR. RIOPELLE:  Yes, I don't remember anyone other than

2  Ms. Kelly telling us.

3      THE COURT:  You tell them three weeks and now -- we

4  told them it would be two to three weeks.

5      MR. RIOPELLE:  Yeah.

6      THE COURT:  And so they wouldn't, you know, in

7  response to that they wouldn't bring up problems they're having

8  in the fourth week.  Ms. Kelly did.

9      MR. RIOPELLE:  Yeah.

10      MR. AGNIFILO:  Right.

11      MR. RIOPELLE:  That's true.

12      MR. AGNIFILO:  You're right, Judge.  I think that's a

13  very fair thing to do.

14      My concern on a purely practical level is whether

15  we're in -- whether if they're on the fence of being able to

16  restructure their lives to stay or not whether they sort of err

17  maybe on the side of their other obligations in their lives.

18      THE COURT:  I don't know if you have research

19  capabilities here, but there is one case I find particularly

20  compelling, United States of America against Saber.

21      MR. AGNIFILO:  What's the cite?

22      THE COURT:  628 F. Supp., 2d, 414, decision by Judge

23  Preska, our Chief Judge.

24      MR. TEHRANI:  Your Honor, what was the page number?

25      THE COURT:  628, F. Supp., 2d, 414, decided in October

E9QZCHAF

1    of 2007.

2              MR. AGNIFILO:  Which issue does that address, Judge?

3              THE COURT:  Proceeding with 11 jurors under Rule 23,

4    rather than impaneling alternate jurors, because if they were

5    to impanel alternate jurors, they'd have to go over to another

6    week.

7              MR. AGNIFILO:  I see.

8              THE COURT:  The situation that we have here.

9              MR. AGNIFILO:  Right.  I think I can look it up.

10             THE COURT:  So.  I have it right here so.

11             MR. AGNIFILO:  Okay.

12             THE COURT:  The key parts are highlighted for you, Mr.

13   Agnifilo.

14             MR. AGNIFILO:  That makes it easy for me, Judge.

15             Whenever I get article three highlights, I'll look at

16   those first.

17             THE COURT:  Yes.  Maybe you can share it with Mr.

18   Tehrani.

19             MR. AGNIFILO:  I will do that.  Thank you, Judge.

20             THE COURT:  Marlon has been in touch with Ms. Schnuer

21   and Ms. Peralta.

22             Marlon, could you report?

23             THE DEPUTY CLERK:  Yes, your Honor.  I spoke to Ms.

24   Schnuer.  She's at a meeting about three hours away from the

25   city.  In light of that meeting and the distance, she will not

E9QZCHAF

1    be able to come in today.  Ms. Peralta -- but she will be

2    available to resume or continue deliberations on Monday.

3              As far as Ms. Peralta, she's at work as well.  She is

4    not available to come in today, but she is available to resume

5    deliberations or continue deliberations with the jury on Monday

6    morning as well.

7              MR. AGNIFILO:  Very good.

8              MR. RIOPELLE:  I think we're confronted with a very

9    interesting sort of gap in the rule.

10             If we deliberate today with 11, do we have to continue

11   with those 11 next week and not seat the alternates, or do we

12   adjourn for the day and seat the 12?  In other words, I think

13   the rule -- as I understand the rule, I believe it gives the

14   Court the discretion to go ahead with 11 given that five has to

15   go for good cause.  I object to that, of course, because --

16             THE COURT:  But you don't quarrel with the good cause.

17             MR. RIOPELLE:  What is that?

18             THE COURT:  You don't quarrel with the good cause?

19             MR. RIOPELLE:  I do not.  He says he has a medical

20   emergency and he's not going to be here next week.  If that's

21   not good cause, I don't know what would be.

22             THE COURT:  Okay.

23             MR. RIOPELLE:  Okay.

24             THE COURT:  What you object to is my exercising of the

25   alternative presented in --

E9QZCHAF

1        MR. RIOPELLE:  Correct.

2        THE COURT:  -- Rule 23(b)(3).

3        MR. RIOPELLE:  Correct.

4        THE COURT:  And you say that I have to --

5        MR. RIOPELLE:  Adjourn for the day and put the two

6   alternates on.

7        THE COURT:  I think you're wrong on that.

8        MR. RIOPELLE:  Okay.  And we disagree.  But if you do

9   go with 11 today, then I don't think we can call in the

10  alternates back after that.

11       THE COURT:  I agree with that.

12       MR. RIOPELLE:  Okay.  So we're even.

13       And then if we lose another one, then it is mistrial,

14  unless I stipulate to ten.  And good luck there, Judge.

15       THE COURT:  Yeah, I don't -- I'm not counting on that,

16  Mr. Riopelle.

17       MR. RIOPELLE:  Don't count on my stipulation.

18       THE COURT:  Mr. Agnifilo?

19       MR. AGNIFILO:  Yes, Judge.  Just so the record's

20  clear, my strong preference is to discontinue further

21  deliberations today; to resume on Monday with a full jury of 12

22  with the two alternates who have now indicated that they're

23  available.

24       I think that while there is certainly a certain amount

25  of discretion built into the rule, I think we have specific

E9QZCHAF

1    facts before us here where we can have a jury of 12 as early as

2    Monday in light of a situation that was unforeseeable to all of

3    us here in court.

4              And while there would be a break in the jury

5    deliberation for the balance of today, we would have a full

6    jury of 12 on Monday, and that is my strong preference.

7              THE COURT:  Mr. Tehrani?

8              MR. TEHRANI:  Your Honor, I agree that certainly it's

9    within your discretion to have the jury deliberate today with

10   11.

11             I'm not sure that I necessarily agree that if that is

12   the course that is chosen then, on Monday it would be

13   inappropriate to bring in alternate.

14             THE COURT:  I think -- I haven't done extensive

15   research on this, Mr. Tehrani.  I think once I've opted for a

16   jury of 11, that's the jury.

17             MR. RIOPELLE:  I think that's right.

18             MR. TEHRANI:  Well, I'm not suggesting the jury go

19   back to 12, but if --

20             THE COURT:  I thought you were.  I'm sorry.

21             MR. TEHRANI:  If one of the 11 needs to be replaced;

22   for example, we know on Monday we're going to lose one of the

23   11.  It doesn't -- it's not immediately obvious to me why we

24   would not be able to replace that juror with an ultimate and

25   proceed with 11 jurors at that time.

E9QZCHAF

1          I have not done research into this, so I will ask to

2     do that before we --

3          MR. RIOPELLE:  I can't say I've ever seen that done.

4     I think --

5          THE COURT:  Well, we've never encountered this

6     situation.

7          MR. RIOPELLE:  Yeah.  I have had juries of 11.  I

8     haven't lost a juror then.  But it's always been a sort of

9     colloquial understanding that if you lose a juror after you go

10    with 11, unless we stipulate to go with ten, that's a mistrial.

11    That's the way I've always understood.

12          THE COURT:  Mr. Tehrani?

13          MR. TEHRANI:  Your Honor, again, I don't know the

14    answer to this legally.  Given the potential uncertainty --

15          MR. RIOPELLE:  Yeah, no, we're really -- we're in

16    unchartered water.

17          MR. TEHRANI:  So, I mean given that we have the option

18    of proceeding on Monday with 12 jurors, the government would

19    certainly prefer to do that rather than go with 11 knowing that

20    we're going to lose one of those on Monday, which basically

21    gives us the rest of the day to reach a verdict, and

22    potentially not be able to proceed -- although, again, the

23    government does not concede that that is the alternative at

24    that point.

25          THE COURT:  So are we unanimous that the preferred

E9QZCHAF

```
 1   course is, by both the government and the defendants, is to
 2   adjourn deliberations today, excuse jurors four and five, and
 3   replace them with alternates two and three, and resume
 4   deliberations -- not resume deliberations -- start
 5   deliberations --
 6            MR. RIOPELLE:  Anew on Monday.
 7            THE COURT:  -- anew on Monday?
 8            MR. TEHRANI:  Yes, your Honor.
 9            MR. AGNIFILO:  Yes, your Honor.  That's our
10   preference.
11            MR. RIOPELLE:  That's my preference, your Honor
12   recognizing that you have the right to go with 11 now.
13            THE COURT:  Should we ask the jurors, any other jurors
14   if -- jurors 12, three, six, and seven through 12, if they have
15   plans for next week?
16            MR. RIOPELLE:  I think that's wise, your Honor.  We
17   should know -- the more facts we know, the better decision
18   we'll make.
19            MR. TEHRANI:  Your Honor, I think we should not invite
20   them to have -- I mean, they've been obviously very
21   conscientious jury taking very this very seriously, and
22   fulfilling their responsibility completely.  I just don't think
23   we should invite them to have conflicts for next week.
24            MR. RIOPELLE:  They may have them, we don't know of
25   yet.  We should know what their situation is.  For all I know,
```

E9QZCHAF

1    I'll decide we want to go with 11 if I hear three more jurors

2    can't come on Monday.  I don't know.  We got to hear what the

3    facts are.  Right now I'm against 11.

4              THE COURT:  Mr. Agnifilo?

5              MR. AGNIFILO:  My position, with utmost respect to my

6    co-counsel, is I agree with the government.  I don't want to

7    invite it.

8              THE COURT:  All right.

9              Marlon, call in the jury.

10             THE DEPUTY CLERK:  Yes, sir.

11             THE DEPUTY MARSHAL:  All rise.

12             (Jury present at 10:15 a.m.)

13             THE COURT:  Good morning.  Please be seated.

14             As you can see, ladies and gentlemen, we're missing a

15   juror, Mr. Pascetta, juror number five, has encountered a

16   family medical emergency which precludes his attendance today,

17   and conclude his attendance next week.

18             Therefore, after discussion with the parties, we've

19   decided to call an alternate juror to replace Mr. Pascetta.

20   And so I'm going to ask you to stop your deliberations now and

21   resume on Monday.

22             Now, I know, Ms. Kelly, that may create a problem for

23   you because you have business travel plans, is that correct?

24             MS. KELLY:  Correct.

25             THE COURT:  Okay.  We're going to excuse you as well,

E9QZCHAF

1   and impanel two alternate jurors on Monday.  And then you can

2   start your -- you have to start your deliberations again, in

3   order to reach a verdict.

4           So don't do any deliberation.  We're going to excuse

5   you now and ask you to come back on Monday, the 29th of

6   September.  We'll have Ms. Schnuer and Ms. Peralta, alternate

7   jurors number two and three, will join you.

8           Ms. Samuels?

9           MS. SAMUELS:  Sorry.  I'm also leaving next week

10  Thursday night on a trip as well.

11          THE COURT:  Next Thursday night?

12          MS. SAMUELS:  Yes.

13          THE COURT:  Well, if you're not leaving on Monday, I'm

14  going to ask you --

15          MS. SAMUELS:  Yes.

16          THE COURT:  -- Ms. Samuels, to come back on Monday.

17          MS. SAMUELS:  Right.

18          THE COURT:  All right.  Is there anything else we have

19  to take up?

20          MR. AGNIFILO:  Nothing else, Judge.

21          THE COURT:  All right, you're excused and resume on

22  Monday at 9:30.  Remember don't discuss the case.

23          Ms. Kelly, thank you very much for your conscientious

24  service.  We appreciate it.

25          MS. KELLY:  Thank you.

E9QZCHAF

1               THE COURT:  You're discharged.

2               (In open court; jury not present)

3               THE COURT:  Okay.

4               Now, I'll take guidance from the parties on what you

5     want me to say to jurors number four and five when they're

6     impaneled on Monday, what we tell the jury.

7               MR. RIOPELLE:  I think you have to, as I understand

8     the law --

9               THE COURT:  I don't want this ad libitum, Mr.

10    Riopelle.  I'd like it in writing.

11              MR. RIOPELLE:  Very good, your Honor.

12              THE COURT:  Like a request to charge.

13              MR. RIOPELLE:  Very good.

14              THE COURT:  So we have your views and the government's

15    views.

16              MR. TEHRANI:  Yes, your Honor.

17              MR. RIOPELLE:  And I do think the law requires that

18    the jurors return any notes they have relating to their

19    deliberations, any sheets that where they have partial notes,

20    things like that.  They really are required to start anew.  And

21    the law, the cases -- I've had this once before -- require that

22    the jury room essentially be cleaned out and sanitized, so to

23    speak, so they truly do start anew.

24              THE COURT:  Well, if you give me that in writing, I'd

25    appreciate it.

E9QZCHAF

 1          MR. RIOPELLE:  I will do.  I'll go find those cases,

 2     Judge.

 3          MR. AGNIFILO:  I'm going to return your case to you,

 4     your Honor.  Thank you.

 5          THE COURT:  Thank you.

 6          MR. RIOPELLE:  Thank you, Judge.

 7          THE COURT:  Anything else?

 8          MR. RIOPELLE:  No, sir.  Thank you.

 9          MR. AGNIFILO:  Thank you.

10          THE COURT:  I'm surprised that nobody wanted to opt

11     for a jury of 11, try to get a verdict today.

12          MR. RIOPELLE:  You know, a defendant's always trying

13     for a mistrial, Judge, in my own defense.

14          THE COURT:  Okay.  Thank you very much.

15          MR. RIOPELLE:  Thank you, Judge.

16          MR. AGNIFILO:  Thank you, Judge.

17          THE COURT:  Hope everybody has a nice weekend.

18          MR. AGNIFILO:  Thank you.  You too, your Honor.

19          MR. RIOPELLE:  Thank you, Judge.

20          (Adjourned to September 29th, 2014 at 9:30 a.m.)

21

22

23

24

25